## MRS. D. M. BOGLE V. HARRY LANDA ET AL.

No. 6634. Decided May 13, 1936.
(94 S. W., 2d Series, 154.)

318

*Cofer & Cofer,* of Austin, for plaintiff in error.

*Adolph Seidemann* and *Martin Faust,* both of New Braunfels, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

By petition filed in the District Court of Travis County September 21, 1920, Mrs. D. M. Bogle, plaintiff in error here, who will be designated plaintiff, sued H. D. Gruene, John Marbach, Harry Landa and Austin Chamber of Commerce, herein designated defendants, to recover the sum of $2000.00 alleged to be due her as a commission. This cause was No. 37780. Marbach and Landa were served with citation, and on October 5, 1920, filed their pleas of privilege, in statutory form, to be sued in the District Court of Comal County, Texas. Plaintiff filed no controverting affidavit. The Austin Chamber of Commerce filed a general answer. The defendant Gruene died five days after the institution of the suit, without ever having been served, and on January 4, 1921, his death was suggested to the court by order duly entered, and the case was continued to make new parties defendants. Nothing was done in this regard for more than ten years.

On January 3, 1922, the court, on motion of the clerk, ruled plaintiff for costs and directed the clerk to notify her of such order. No bond was filed and no security for costs was ever given.

The defendant, John Marbach, died August 25, 1925, and

on September 19, 1925, his will was duly probated in Comal County, Texas. Nothing was ever done to make his legal representatives parties to the suit until September 11, 1931, as hereinafter shown.

On October 7, 1930, an order was entered dismissing the cause for want of prosecution.

On September 11, 1931, plaintiff filed another petition in the District Court of Travis County, the cause being No. 50353. In this petition she named as defendants Harry Landa, Bertha Gruene, individually and as executrix of the estate of H. D. Gruene, deceased, Minna Marbach, individually, and Minna Marbach, Paul J. Marbach and Walter J. Marbach, as joint executors of the will and estate of John Marbach, deceased. She dismissed as to defendant Austin Chamber of Commerce. The purpose of this action, as disclosed by the petition, was to recover upon a cause of action similar to the one alleged in the original petition filed in Cause No. 37780 (the allegations however being greatly enlarged), and to set aside the order of October 7, 1930, dismissing the original cause for want of prosecution. Apparently, the parties were all served with citation and each of them filed pleas of privilege. In the plea of Harry Landa he requested the cause to be transferred to the District Court of Bexar County. Bertha Gruene, in her individual capacity and as executrix, prayed that the cause be transferred to Comal County. Minna Marbach, individually, and Minna Marbach and Paul J. Marbach, as joint executors, prayed that the cause be transferred to Comal County. Walter J. Marbach, as joint executor, prayed that the cause be transferred to Bexar County. In addition to these pleas of privilege, the various defendants urged elaborate exceptions to the jurisdiction of the court.

On November 4, 1931, the cause came on for hearing in the District Court of Travis County. The court first overruled all pleas of privilege, and all exceptions to the jurisdiction of the court. It then proceeded to set aside the order of October 7, 1930, dismissing Cause No. 37780, and reinstated that cause upon the docket of the court. The court next consolidated the cause of action pleaded in Cause No. 37780 with the cause of action pleaded in Cause No. 50353, and after so doing then sustained the pleas of privilege filed in Cause No. 37780 on October 5, 1920. Instead, however, of transferring the case to the District Court of Comal County, as prayed for in the original pleas of Landa and Marbach, the case was transferred to the District Court of Bexar County.

After the cause reached Bexar County, the defendants filed numerous exceptions to the jurisdictions of the court, as well as numerous demurrers to plaintiff's pleadings. All exceptions and demurrers were overruled, and on May 10, 1932, the cause went to trial. The court instructed a verdict in favor of plaintiff against Harry Landa, Bertha Gruene, individually and as independent executrix of the estate and H. D. Gruene, deceased, and against Walter J. Marbach and Paul J. Marbach, as joint executors of the estate of John Marbach, deceased. The suit was dismissed as to Mrs. Minna Marbach, individually and as executrix. On appeal, the Court of Civil Appeals, in a majority opinion, reversed and remanded the cause to the District Court of Bexar County with instructions. Judge Fly dissented, holding that the action of the District Court of Bexar County was without jurisdiction, and that if any court had jurisdiction of the cause, it was the District Court of Comal County. 62 S. W. (2d) 579.

■ Under the view we take of the case, no discussion of several interesting questions involved is necessary. In the case of John E. Quarles Co. v. Lee (Com. App.), 58 S. W. (2d) 77, it was held that when a plea of privilege has been filed and no controverting affidavit is filed within the time required by law, the court is without jurisdiction to enter any order other than an order transferring the cause to the proper court. It was also held that an order later entered purporting to dismiss the case for want of jurisdiction was void. Further, it was held that the action of the court in making heirs of the deceased defendants parties was void for want of jurisdiction. Tested by this decision, it appears that after the time prescribed by law for filing controverting affidavit to the pleas of privilege of Landa and Marbach filed October 5, 1920, had expired, the District Court of Travis County was without jurisdiction to take any action in Cause No. 37780 other than to transfer same to the District Court of Comal County. Disregarding the order dismissing the suit for want of jurisdiction and the order reinstating same, it nevertheless remains true that the attempted action of the court in making the representatives of Marbach and Gruene parties to the suit was without jurisdiction, and as to them the whole proceeding, including the transfer of the cause to the District Court of Bexar County, was void.

■ We are further of the opinion, however, that as to these parties and as to the defendant Landa it must be held that plaintiff's cause of action was abandoned, or discontinued, as

a matter of law. The record does not show any action whatever in the case from October 5, 1920, to October 7, 1930, except the entry of order on January 4, 1921, suggesting the death of Gruene and the order of January 3, 1922, ruling plaintiff for costs. Nothing was done by plaintiff in response to either of these orders. Disregarding the order dismissing the case, which plaintiff claims was without her knowledge, it was not until September 11, 1931, practically eleven years after the filing of the pleas of privilege, before plaintiff took any action whatever towards prosecuting her claim. The record does not show any order, except those above mentioned, which was entered during this whole period.

Article 2050 of the Revised Statutes of 1911, being now Article 2068, provided that if plaintiff be ruled for costs and failed to comply therewith on or before the 1st day of the next term of court, the suit should be dismissed. Article 1888 of the Revised Statutes of 1911, now Article 2080, provided that upon the suggestion of the death of a defendant being entered of record, the clerk should enter scire facias for the legal representatives or heirs of the deceased defendant. It was the duty of plaintiff to use proper diligence to see that this was done, especially as to defendant Gruene who had not been served with citation before his death. As soon as the right to change venue became fixed as a matter of law it became the duty of plaintiff to use reasonable diligence to see that proper order transferring the cause to the District Court of Comal County was entered and that the cause was seasonably docketed in that court. This she wholly failed to do. Thus it is seen that even in the face of three affirmative duties resting upon her requiring prompt action, and without which action in all three respects she could not proceed to judgment in any court, plaintiff let her case remain dormant on the docket of the District Court of Travis County for eleven years. We do not need to hold that failure to do any one or all of these things, as a matter of law, abated plaintiff's suit, nor do we need to hold that a mere lapse of eleven years without any action would have that effect, but we do hold that under all of these circumstances it will be presumed as a matter of law that plaintiff abandoned the prosecution of her suit prior to the filing of the petition on September 11, 1931, and the court was without jurisdiction to proceed further therein. The following authorities collectively leave no room for doubt as to the correctness of this conclusion: Brooks Supply Co. v. Hardee, 32 S. W. (2d) 384 (Writ refused); Hinkle v. Thomp-

son, 195 S. W., 311 (Writ refused); Ponton v. Bellows, 13 Texas, 254; Flanagan v. Smith, 21 Texas, 493; Crosby v. Di Palma, 141 S. W., 321 (Writ refused); Trahan v. Roberts, 48 S. W. (2d) 503.

Judgments of the Court of Civil Appeals and the trial court are hereby set aside and the cause is dismissed.

Opinion adopted by the Supreme Court May 13, 1936.