**FIELDER et al. v. SWAN et al.**
No. 4140.

Court of Civil Appeals of Texas. Beaumont.
Sept. 18, 1943.

Rehearing Denied Nov. 4, 1943.

Dallas Ivey, of Center, for appellants.

E. J. McLeroy and W. I. Davis, both of Center, and J. T. Harris, of Longview, for appellees.

COMBS, Justice.

On May 25, 1942, appellants filed a motion in the trial court to reinstate upon the trial docket a suit filed in 1916. They were plaintiffs in the suit and appellees were defendants, and we will so designate them. The last docket entry was dated October 29, 1917, and recited that plaintiffs took a nonsuit. In their motion to reinstate, plaintiffs alleged the docket entry was "made and forged" by some unauthorized person; that the case was in fact not nonsuited. They also alleged facts seeking to excuse their long delay in prosecuting the suit. Without hearing evidence the trial court sustained a plea in abatement and denied appellants' motion, holding that the original suit sought to be revived had been abandoned and discontinued as a matter of law. This appeal is from that judgment.

The original suit in trespass to try title was filed July 6, 1916. Docket entries show that on August 14, 1916, the case was continued by agreement; that on February 5 or 6, 1917, the judge noted his disqualification. Then under date of October 29, 1917, occurs the docket entry indicating that plaintiffs took a nonsuit. No other action appears to have been taken in the case until plaintiffs' motion to reinstate was filed in 1942.

As above stated, plaintiffs in their motion to reinstate alleged that the entry of nonsuit was a forgery. Defendants in their pleadings alleged that it was made by Hon. L. D. Guinn, who at that term of court was presiding to try cases in which the judge of the district was disqualified. It is here insisted that the trial judge erred in refusing to hear evidence on this and other matters of fact alleged in the motion, and in holding that plaintiffs had abandoned and discontinued their case as a matter of law.

We think the holding of the trial court correct. For if it be assumed that the docket entry was unauthorized, as alleged, and that plaintiffs did not take a nonsuit, still their delay of more than twenty-five years, during which time they admittedly made no effort to prosecute it, was, under the facts appearing of record and revealed in their motion, so unreasonable that it could not be justified or excused by any facts which they alleged. True, most of the original plaintiffs have died, some of them shortly after the suit was filed, but two of the present plaintiffs were parties to the original suit. Their motion reflects that the attorney who filed the original suit in the district court of Shelby County is still living. It nowhere negatives the fact that he has lived in Center and practiced in the same court all these years, nor does it attempt to explain his failure to prosecute the suit if he did not consider it abandoned or dismissed.

Since an early day the courts of Texas have recognized the rule that unreasonable delay of a plaintiff in the prosecution of his suit will work an abandonment amounting to a discontinuance. Among the many cases that might be cited the following are sufficient to show the uniform adherence to this rule through the years. Flanagan v. Smith, 21 Tex. 493; Crosby v. Di Palma, Tex.Civ.App., 141 S.W. 321; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154. In the early case of Flanagan v. Smith, supra, Judge Roberts said: "Every one who is summoned into Court to answer a complaint has a right to expect that reasonable diligence shall be used in prosecuting the proceedings against him. * * * When there has been a failure to proceed with a case until defendant may reasonably have concluded that the suit was abandoned, then of course the defendant should not be held bound further to appear and defend it."

In that case a delay of four years in the prosecution of a case in justice court was

held to amount to an abandonment of the suit.

Of course the question of discontinuance of a suit by delay is based on the "factual situation" as to lack of due diligence in prosecuting it; and where the facts alleged are such as to warrant a finding that the plaintiff was not lacking in due diligence, he has the right to be heard to explain, if he can, his delay in prosecuting the suit. Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489. But the facts must tend reasonably to explain and excuse the delay. And obviously the longer the delay, during which the plaintiff makes no effort to bring his case to trial, the more difficult it is to explain. In Bogle v. Landa, supra, our Supreme Court held that a delay of ten years under the facts there shown amounted to an abandonment and discontinuance of the suit as a matter of law, so that the court had no jurisdiction to proceed with the trial of it. In the case before us the delay was much longer, twenty-five years, and no facts were alleged by the plaintiffs in their motion which could reasonably excuse or justify it in view of the matters admitted and apparent of record.

This holding makes it unnecessary for us to discuss the many collateral questions raised by the numerous propositions and counter propositions in the briefs of the parties.

The judgment of the trial court is affirmed.