### CROAN v. McKINNEY et al.

### No. 6139.

Court of Civil Appeals of Texas. Texarkana.

Feb. 6, 1945.

Rehearing Denied Feb. 22, 1945.

Thomas & Thomas, of Big Spring, for appellant.

J. Benton Morgan, of Greenville, for appellees.

HALL, Chief Justice.

Appellant instituted this suit against appellees, C. W. McKinney and F. L. Young, purchaser and mortgagee, respectively, of a certain Chevrolet pick-up truck, alleging that he was the owner thereof and that appellees were wrongfully withholding possession of said truck. This cause was filed originally in Howard County, Texas, but in response to appellees' plea of privilege it was transferred to the District Court of Hunt County. In the Hunt County District Court appellees answered claiming ownership of the truck, alleging:

"That Defendant C. W. McKinney in Greenville, Texas, purchased said truck from one Clyde Lenny who represented himself to be the true owner and that as such he had authority to sell same and that his brother-in-law O. D. Odom and he had previously owned it jointly and that he Clyde Lenny had purchased the interest of O. D. Odom and that O. D. Odom had indorsed said certificate of title in blank and properly sworn to same and that the said Clyde Lenny had said truck with him and said certificate of title indorsed in blank by the record owner thereof and other papers relating to former transfers of same and defendant C. W. McKinney inspected same and made reasonable investigation of Clyde Lenny which proved satisfactory and C. W. McKinney paid the full purchase value of same in a competitive market in that others were bidding on said truck at the time of defendant's purchase."

They also answered that they purchased the truck in good faith for value and that appellant was estopped "from claiming title to said truck" for the reason that he "took said certificate of title in blank and failed to have the same put in his own name as purchaser and failed to apply for transfer of certificate of title as required by law", thereby creating "a condition that gave rise to the theft of the certificate of title indorsed in blank and the theft of the truck, and the thief, if he was a thief, who later had said truck and certificate of title indorsed in blank in possession and clothed with all the requirements of the State Statutes under Article 1436, Title 17, of the Penal Code of this State in order to transfer said truck to any innocent purchaser thereof." Upon the issue thus joined in a trial before the court without a jury, judgment was rendered for appellees.

The facts are that one O. D. Odom originally owned the truck in controversy clear of liens, and the certificate of title thereto. On July 21, 1943, Odom sold and delivered the truck to appellant in Howard County, Texas, together with the certificate of title with the transfer on the back thereof signed and acknowledged by Odom but with the purchaser's name left blank. Appellant retained possession of the truck and certificate of title for some twenty-eight days when both were stolen from his premises. Appellant never filled in his name in the blank space in the transfer of the certificate as purchaser of the truck, nor did he file same for registration with the proper authorities. On the date the truck was stolen from appellant, August 18, 1943, Clyde Lenny was working for appellant in his garage as a laborer. Lenny did not work for appellant after the night the truck was stolen but was thereafter in Hunt County some two months, working at a cotton gin, and had in his possession the truck and certificate of title executed by Odom in blank together with all other papers necessary for its operation. Appellee C. W. McKinney, being in the market for a used truck and being advised by Lenny's employer that Lenny had a truck for sale, purchased the truck from Lenny for $775, which was found by the court to be its reasonable cash market value at Greenville, Texas, at

the time of the sale. Before McKinney purchased the truck he made inquiry of Lenny's employer with respect to Lenny and received favorable recommendation of him. Appellee F. L. Young, who furnished the greater part of the purchase price for the truck, and who retained a lien thereon, examined and inspected the truck and transfer papers, and Lenny, in his presence, filled in the name of appellee C. W. McKinney in the blank left for name of purchaser. Before the purchase of the truck by McKinney, Clyde Lenny represented to him that he, Lenny, was the brother-in-law of Odom, the original owner of the truck, and that he and Odom owned the truck jointly, that the certificate of title was in Odom's name, that he had purchased the interest of Odom, but that his name was not inserted in the transfer of the certificate of title. On the day of the purchase, some party who represented himself to appellee as Odom and who stated further that he was the brother-in-law of Lenny, took from the door pocket of the truck some papers which he represented as belonging to him.

The trial court found that this party representing himself as Odom, "under the other facts adduced at said trial, may not have been O. D. Odom." Immediately after the sale and upon receipt of the filled-in transfer of the certificate to McKinney, he and appellee F. L. Young paid the entire purchase price to Lenny and immediately filed the transfer of certificate of title with the county Tax Collector of Hunt County, and paid the sales tax and transfer fee. On October 11, 1943, the State Highway Department issued to McKinney and F. L. Young a photostatic copy of the certificate of title showing them as owner and lien holder, respectively. Shortly thereafter appellant located the truck in McKinney's possession and instituted this suit for its recovery.

Appellant's first point is:

"Since the Request for Admissions within ten days of the receipt thereof was delivered to the Appellees December 16, 1943, and the unsworn Answer thereto was not delivered to the Appellant until December 29, 1943, each and every statement of fact set out in the Appellant's Request for Admissions are conclusively presumed to be true as against the Appellees over the Appellees' objection, and cannot be controverted by evidence tending to vary the meaning and effect of such statements.

"And this is true even though the Appellees filed their pleas of privilege in the District Court of Howard County, Texas, where the suit was first instituted, on November 18, 1943, and the cause of Action was under such pleas transferred to Hunt County, Texas, December 29, 1943."

As before stated, this suit was filed originally in Howard County, November 1, 1943. Appellees on November 18, 1943, filed pleas of privilege to be sued in Hunt County. No controverting affidavit was filed by appellant, and on December 29, 1943, the cause was transferred to Hunt County. On December 16, 1943, after time for filing controverting affidavit had elapsed, appellant delivered to appellees in Greenville, Hunt County, Texas, his request for Admissions under Rule 169, Texas Rules of Civil Procedure, of certain facts relative to the merits of the main case, giving ten days for appellees to make their answers and deliver same to him. Appellees answered said request for admissions and delivered same to appellant on December 29, 1943, subject to their pleas of privilege theretofore filed and not controverted. The answers were not delivered to appellant's attorney within the ten-day period, nor were they sworn to as required by Rule 169. In this state of the record, it is the contention of appellant, as shown by his point set out above, that "each and every statement of fact set out in appellant's request for admissions are conclusively presumed to be true as against appellees * * * and cannot be controverted by evidence tending to vary the meaning and effect of such statements." The trial court held to the contrary of this contention and in his conclusions of law stated:

"That on December 7, 1943, same being 10 days after appearance day of said cause, the Plaintiff not having controverted Defendants' Pleas of Privilege, that the District Court in Howard County lost jurisdiction and venue in this case for every purpose other than to enter an order transferring said cause to the District Court of Hunt County, Texas. That 'Plaintiff's Request for Admissions' were received by registered mail by Defendants on December 16, 1943, some nine days after the Court of Howard County had lost jurisdiction and therefore Plaintiff's 'Request for Admissions' were premature and void for want of jurisdiction.

"2. I conclude that under Civil Court Rules Numbers 166, 169, and 121, that

Plaintiff having filed his Petition and Defendants having in due time filed 'Pleas of Privilege' and the time for Plaintiff to controvert said 'Pleas of Privilege' having expired; that Defendants have not entered an 'Appearance' under said Rules, as will require Defendants to Answer 'Requests for Admissions' filed in said Court after the !Court lost jurisdiction for every purpose than to enter an order to transfer the cause to the Court having venue."

Admittedly on the date appellant served appellees with his request for admissions under the rule, the time had expired in which he could effectively file his controverting affidavit contesting appellees' pleas of privilege, and on said date the District Court of Howard County had lost jurisdiction to try the cause or to enter any order therein except an order transferring the case to Hunt County. Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154. The Howard County District Court was powerless to give relief to either party to this suit after the time had expired for filing the controverting affidavit. The status quo of the case was preserved. Bogle v. Landa, supra; Quarles Co. v. Lee, Tex. Com.App., 58 S.W.2d 77.

Texas Rules of Procedure, Rule 169, provides that a party may make request of the opposing party or his attorney for admissions of certain facts relevant to the cause "at any time after the defendant has made appearance in the cause, or time therefor has elapsed." The filing by appellees of their pleas of privilege in the District Court of Howard County constituted an appearance by them. Spivey v. Saner-Ragley Lumber Co., Tex.Com.App., 284 S.W. 210; Bray v. First National Bank of Mertzon, Tex.Civ.App., 10 S.W.2d 235; Hall v. Kynerd, Tex.Civ.App., 97 S.W.2d 278. This being the case, at any time after November 18, 1943, appellant, under provisions of Rule 169, had the right to make the request of appellees or their attorney for certain admissions; and this is true whether the case was pending in Howard County District Court or Hunt County District Court. It was a matter personal between the parties and required no action by the district court of either county to give it effect, unless the defendant requested of the court an extension of time in which to file his answer to request for admissions. No such request was made in this case. The evidence is clear that the answers to such request were delivered to appellant's attorney after twelve days had elapsed, and it is undisputed that such answers were not sworn to.

Under such circumstances, we have concluded that "each of the matters of which an admission was requested" shall be deemed admitted. This for the reasons: (1) That the answers were not delivered by appellee within the time specified (ten days); and (2) they were not sworn to as required by the rule. The answers in the manner and form returned to appellant, in law, amounted to no answers at all, and rendered appellees vulnerable to summary judgment at a trial upon the merits in Hunt County. Frierson v. Modern Mutual H. & A. Ins. Co., Tex.Civ.App., 172 S.W.2d 389, writ refused. We are aware that the trial court should and does have some discretion in the application of this rule, but not of such degree as would amount to nullification of its plain provisions. Rule 169 is in no wise drastic. By its own terms, provision is made (1) for an extension of time within which answers may be delivered to an opposing party; and (2) for failure to answer when the party served "cannot truthfully either admit or deny" the matters inquired about.

The above holding, in our opinion, finds direct support in the Advisory Opinions of Sub-committee on Interpretations of Texas Rules of Practice and Procedure in Civil Cases, as shown on pages 6, 9, and 47 of the January issue of the Texas Bar Journal.

We have carefully considered the opinions in Gordon v. Williams, 164 S.W.2d 867, by the Beaumont Court of Civil Appeals, and Masten v. Gower, 165 S.W.2d 901, by the Fort Worth Court of Civil Appeals; and while we have the profoundest respect for the opinions of those courts, we are compelled to differ with the holdings expressed in those cases. In our opinion, the conclusions reached in those cases in effect nullify the express provisions of the Rule.

Under the circumstances here, perforce Rule 169, appellant is entitled to recover.

The conclusions expressed above render unnecessary a discussion of the other propositions brought forward.

The judgment of the trial court is reversed, and judgment is here rendered for appellant.