Roy Lee ALLEY et al., Appellants,

v.

**PONCA WHOLESALE MERCANTILE COMPANY, Appellee.**

No. 7175.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 17, 1962.

Shaver, Hurley & Sowder, Boling & Griffith, Lubbock, for appellants.

Harris E. Lofthus, Amarillo, for appellee.

DENTON, Chief Justice.

This is an appeal from an order of the District Court of Potter County overruling each appellants' pleas of privilege which sought to transfer the case to Lubbock County where each appellant resided at the time the suit was filed. Appellee Ponca Wholesale Mercantile Company brought this suit against appellants, Roy Lee Alley, R. A. Pendergrass, W. L. Combes, Doy Nichols and H. P. Terry, seeking to recover on a surety bond. The five defendants below were represented by two different law firms. Defendants, Alley, Combes and Pendergrass, were represented by one firm and defendants Nichols and Terry by another firm. On October 12, 1961 a joint plea of privilege was filed by Alley and Combes, and on the same date defendant Nichols filed his plea of privilege. Pendergrass filed his plea of privilege on October 13, 1961 and the plea of Terry was filed October 18, 1961. Appellee's controverting affidavit was filed on October 13, 1961 and by its own language controverted only the pleas of privilege filed by Alley, Combes and Nichols. The record reveals that no controverting affidavits were filed in answer to the pleas of privilege of defendants Pendergrass and Terry.

It is apparent the trial court erred in overruling the pleas of privilege of defendants Pendergrass and Terry. It is well settled that where a defendant has filed a plea of privilege to be sued in the county of his residence, and gives notice thereof in accordance with Rule 86, Vernon's Ann.Tex. Rules, and the plaintiff fails to controvert such plea within ten days thereafter, the trial court possesses no jurisdiction over said cause other than the authority to enter an order transferring the case to the county of defendant's residence as set forth in the plea of privilege. John E. Quarles Co. v. Lee (Tex.Com.App.) 58 S.W.2d 77; Bell v. Jasper Lbr. Corp. (Tex.Civ.App.) 287 S.W. 2d 746 (writ dismissed); Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154 (opinion adopted); Terrell v. Vandergriff (Tex.Civ. App.) 351 S.W.2d 910 (no writ history).

Appellee takes the position that in as much as the attorneys who were representing Pendergrass and Terrell were also attorneys for the other three defendants, and who were present in response to notice given in the controverting affidavit so filed, there was a waiver of notice as to Pendergrass and Terry. We are not concerned here with the question of "notice" or "appearance." An appearance by an attorney for a defendant at a hearing on a plea of privilege does not constitute a waiver of the requirement to file controverting affidavits in reply to pleas of privilege filed by other defendants. A statutory plea of privilege is more than a pleading and amounts to prima facie proof of a defendant's right to have venue changed from the county in which the suit was filed to the county named in the plea. Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222; Pool v. Sanders (Tex.Civ. App.) 241 S.W.2d 739 (no writ history); Stull's Chemicals v. Davis (Tex.Civ.App.) 263 S.W.2d 806 (no writ history); Atteberry v. Standard Brass & Mfg. Co. (Tex. Civ.App.) 270 S.W.2d 252 (n. r. e.). Each defendant was sued jointly and severally, and there were no allegations in either the petition or controverting affidavit that any of the defendants were necessary parties.

Appellants further complain of the sufficiency of the controverting affidavit filed in response to the pleas of privilege of Alley, Combes and Nichols. The material portions of the affidavit read as follows:

"PLAINTIFF FILED herein, on the 22nd day of September, 1961, its original petition including Exhibit A thereto, which said exhibit is a written instrument executed by each of the defendants named herein, and provides as follows:

"That defendants, and each of them, are held and firmly bound 'in the sum of $2,000.00 in lawful money of the United

States of America to be paid at Amerillo, Potter County, Texas * * *'

and that said instrument further provides:

" 'Any action at law hereon or under may be filed in Amarillo, Potter County, Texas.'

"THAT the foregoing allegations in support of this controverting affidavit are true and correct: * * *

"BEFORE ME, the undersigned authority, on this day personally appeared Harris E. Lofthus, who, on his oath, stated that he is the attorney of record for plaintiff in the above entitled and numbered cause, and qualified and authorized in all respects to make said affidavit, and that the allegations, denials and facts set out in the foregoing controverting plea are true and correct."

It is to be noted appellee's controverting affidavit did not specifically adopt the allegations of its petition. It simply alleges the petition was filed with an exhibit attached thereto and quoted the exhibit to the extent shown above. This fact was clearly brought to the attention of the court at the hearing when objection was made to the introduction into evidence of the surety bond. In the absence of the controverting affidavit making the petition in such case

a part thereof, the controverting affidavit must be tested by its own allegations unaided in any way by the petition. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Jeffries v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; Fair v. Mayfield Feed & Grain Co. (Tex.Civ.App.) 203 S.W.2d 801 (no writ history). Thus the controverting affidavit itself must set out specifically the fact or facts relied on by the plaintiff to establish venue in the county where the case is pending. Rule 86 places the burden on the plaintiff to plead in his controverting affidavit and to prove the facts which will sustain venue where the case was filed. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. When the controverting affidavit is thus tested by its own allegations we reach the unescapable conclusion it fails to allege a cause of action against any of these defendants. A reading of the affidavit fails to reveal even the nature of the cause of action, thus falling far short of the requirement that a cause of action be alleged.

Because of the disposition of this case it becomes unnecessary to discuss and dispose of other points of error brought forward by the appellants.

The judgment of the trial court overruling appellants' pleas of privilege is reversed and the trial court is directed to enter an order transferring this case to the District Court of Lubbock County, Texas.