**Scherry Kaye SMITH, Appellant,**

v.

**Joe Lee SMITH, Appellee.**

**No. 11756.**

Court of Civil Appeals of Texas, Austin.

May 20, 1970.

Mitchell, Gilbert & McLean, Arthur Mitchell, Earl L. Yeakel, III, Austin, for appellant.

HUGHES, Justice.

Appellant Scherry Kaye Smith and Appellee, Joe Lee Smith, were married to each other prior to November 15, 1968, when they were divorced by judgment of the District Court of Travis County, 126th Judicial District. This judgment, in part, awarded custody of the two minor children of the marriage, Shaun Lee, a boy age 5 and Summar Michele, a girl age 4 months, to the mother, appellant here, and provided that the father, appellee here, should have "reasonable visitation rights with the two minor children."

On December 3, 1969, appellee filed in the court below a "Petition to Modify Visitation Rights" alleging, in part, that on December 13, 1968, the court had entered an order that appellee should have visitation rights with his children on the 2nd and 4th Sundays of each month from 9 A.M. to 5 P.M. "at the place of his choosing," and that since such order was entered appellant had moved to Dallas, Texas, where she now resides. He alleged that because of this change in circumstances he be allowed to visit with his children one weekend each month, a reasonable period during the summer months and two days during the Christmas Season.

On December 16, 1969, appellant filed her plea of privilege to be sued in Dallas County, the county of her residence.

On January 6, 1970, judgment was entered overruling appellant's plea of privilege and altering the rights of visitation previously granted.

Appellee has filed no brief in this Court.

The plea of privilege should have been sustained for the reason that it was not controverted as required by Rule 86, Texas Rules of Civil Procedure. No controverting affidavit of any kind appears in the transcript and the order of the court overruling the plea of privilege does not mention a controverting affidavit.

The rule that without the filing of a controverting affidavit to a plea of privilege the court is without jurisdiction to enter any order other than one sustaining the plea of privilege is found in Cowan v. State, 356 S.W.2d 170, Tex.Civ.App., Austin, writ dismissed (1960), where supporting authorities are cited. See also Alley v. Ponca Wholesale Mercantile Company, 360 S.W. 2d 870, Tex.Civ.App., Amarillo, no writ (1962).

We are aware of the case of Boney v. Boney, 450 S.W.2d 902, Tex.Civ.App., Eastland, writ granted (1970) but we do not reach the questions there presented.

The judgment of the Trial Court is reversed and this cause is remanded with instructions to transfer it to a District Court of Dallas County.

Reversed and remanded with instructions.