**A. J. WATSON, Appellant,**

v.

**GENERAL MOTORS ACCEPTANCE CORP., Appellee.**

No. 15298.

Court of Civil Appeals of Texas, San Antonio.

May 15, 1974.

Marc Wooten, Jr., Larry Oubre, Dallas, for appellant.

John W. Bell, Herbert W. Hill, San Antonio, for appellee.

BARROW, Chief Justice.

A venue action. Appellant has perfected his appeal from an order of the County Court at Law No. 2 of Bexar County, which granted appellee's motion to set aside a prior order sustaining appellant's plea of privilege and overruled such plea.

On September 19, 1973, appellee filed this suit in Bexar County on a retail installment contract executed by appellant in Dallas County and expressly made payable in Dallas County. Appellant, a resident of Dallas County, timely filed his plea of privilege to be sued in Dallas County. Subject to said plea of privilege, he filed an answer and cross-action seeking damages from appellee for abuse of process in filing such suit in Bexar County. The plea of privilege was not timely controverted by appellee as required by Rule 86, Texas Rules of Civil Procedure, and on November 12, 1973, the trial court signed an order transferring the cause to Dallas County. However, on December 3, 1973, the trial court set aside the November 12th order, sustained appellee's motion, filed on November 9, 1973, to strike said plea of privilege and overruled it. It was urged in said motion to strike that appellant had waived his plea of privilege by filing the cross-action.

Appellant urges two points on this appeal. (1) The trial court erred in rescinding its order transferring the cause to Dallas County in that appellee did not file a controverting affidavit to the plea of privilege. (2) In any event, appellant did not waive his plea of privilege by filing the cross-action subject to said plea.

It is well settled that when a plea of privilege has been filed in accordance with Rule 86, T.R.C.P., the required notice given, and no controverting affidavit is timely filed, the trial court is without jurisdiction to enter any order other than an order transferring the cause to the proper court. Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154 (Tex.Comm'n.App.1936, opinion adopted); Robertson Distribution Systems, Inc. v. Butt, 482 S.W.2d 28 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); Smith v. Smith, 454 S.W.2d 844 (Tex.Civ. App.—Austin 1970, no writ); Alley v. Ponca Wholesale Mercantile Co., 360 S. W.2d 870 (Tex.Civ.App.—Amarillo 1962, no writ); Rogers v. Barbee, 359 S.W.2d 101 (Tex.Civ.App.—Houston 1962, no writ); Durrett v. Arctic Air, Inc., 319 S. W.2d 937 (Tex.Civ.App.—Houston 1959, no writ); Bell v. Jasper Lumber Corp., 287 S.W.2d 746 (Tex.Civ.App.—Beaumont 1956, writ dism'd).

Appellee urges, however, that appellant waived his plea of privilege by filing the cross-action.[1] This contention misses the mark in that appellee does not even assert that appellant waived the requirement that appellee file a controverting affidavit. Cf. Huffaker v. Lea County Electric Cooperative, Inc., 344 S.W.2d 915 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. .e.); 1 McDonald, Texas Civil Practice, Controverting Affidavit, Section 4.47, pp. 587–588. Since appellant did not waive the necessity for appellee to file a controverting affidavit to his plea of privilege, the trial court erred in setting aside its order transferring the cause to Dallas County. We sustain appellant's first point and therefore find it unnecessary to consider the second point.

The judgment of the trial court is reversed and here rendered that appellant's plea of privilege be sustained and the cause transferred to Dallas County.

---

1. It is seen that the cross-action was filed subject to the plea of privilege. See Hickman v. Swain, 106 Tex. 431, 167 S.W. 209 (1914); Allied Finance Co. v. Shaw, 359 S.W.2d 168 (Tex.Civ.App.—Fort Worth 1962, no writ); Stark v. Super-Cold Southwest Co., 239 S.W. 2d 402 (Tex.Civ.App.—Fort Worth 1951, mandamus overruled).