NO 







NUMBER 13-01-707-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



LINDA ANN DAVIS, Appellant,



v.




DOW EDWARD DAVIS, Appellee.

 

On appeal from the 359th District Court 

of Montgomery County, Texas.

 



MEMORANDUM OPINION 


Before Justices Yañez, Dorsey (1) and Amidei (2)

Opinion by Justice Amidei

 

 Linda Davis, appellant, appeals from a judgment in a divorce case after a bench trial in the 359th District Court,
Montgomery County, Texas, claiming, inter alia, the case was improperly transferred from the County Court at Law No. 3
of Montgomery County, Texas. We affirm.

Factual and Procedural Background

 In 1993, Dow Edward Davis, appellee, filed a petition for divorce in the 359th District Court, which appellant answered
and counterclaimed therein, but the parties non-suited such proceeding. In 1999, appellant filed a petition for divorce in the
County Court at Law No. 3 of Montgomery County, Texas, and appellee answered and counterclaimed therein. The Judge
of County Court at Law No. 3 requested the case be transferred to another court. Judge James Keeshan, the administrative
judge for Montgomery County, ordered the case transferred to his own court, the 359th District Court, on September 22,
1999. After the case was transferred, appellant sought and was granted temporary relief. In the order granting temporary
orders, which was approved by appellant's counsel, the trial court found that it had "jurisdiction of this case and of all the
parties." The 1993 and 1999 cases were consolidated. Appellant made no timely objection to or motion in opposition to
the transfer of the 1999 case or the consolidation.

 A mistrial was declared after a jury trial was commenced. Appellant waived a jury and the trial court tried the issues of
fact, making findings of fact and conclusions of law, including findings as to conservators of the child, the award of
property and the granting of a divorce. 

Issues

 Appellant's issue number one argues the trial court did not have jurisdiction to hear the case. Regarding the transfer of the
case, the trial court made conclusions of law as follows:

4. Judge Mason Martin, County Court at Law Number 3, did not 'recuse' himself from the Court, but instead initiated an
administrative transfer to the 359th District Court. A court of identical family law jurisdiction in Montgomery County. Said
transfer was customary, was legally proper, and was further supported in that when the parties had earlier filed for Divorce,
the case was filed in the 359th District Court.



5. The Court judicially notices that when cases are refiled in Montgomery County, they are normally transferred to the
original Court, so as to avoid 'forum shopping' and for reasons of judicial economy.



 Appellant contends the transfer was improper because there was no local rule for intra-county transfers of cases at the time,
and there was no proper motion to transfer or an opportunity to be heard. However, appellant made no objection to the
transfer before invoking the jurisdiction of the court by seeking and obtaining temporary orders. Even if there were error in
transferring the case, appellant waived same because she failed to make a timely plea to jurisdiction. Tex. R. App. P
33.1(a); Garcia v. State, 901 S.W.2d 731, 733 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd.). The transfer from the
County Court at Law No. 3 to the 359th District Court was not error, notwithstanding local rules or the absence thereof. 
Tex. Gov't. Code Ann. § 74.121(b)(l) (Vernon 1998). The judge of a statutory county court may transfer a case to the
docket of the district court, except that a case may not be transferred without the consent of the judge of the court to which
it is being transferred and may not be transferred unless it is within the jurisdiction of the court to which it is transferred. 
Id. The judge of the 359th District Court consented that the case be transferred not only as the judge of the transferee court
but also as the administrative judge of Montgomery County. No motion or hearing was necessary to transfer a case
pursuant to section 74.121(b)(l) of the Texas Government Code. Appellant does not question whether the 359th District
Court had subject matter jurisdiction to hear a divorce case. 

 Even if the transfer were error, we cannot reverse on such grounds because we conclude that the error complained of did
not: (1) probably cause the rendition of an improper judgment, or (2) probably prevent the appellant from properly
presenting the case to the court of appeals. Tex. R. App. P. 44.1(a)(1)(2). Appellant's issue number one is overruled.

 In her issue number two, appellant complains that the 359th District Court caused fundamental error when it consolidated
the cases.

 Appellant argues confusion was caused when the 1993 case number was used on the final judgment in the 1999 case. Any
confusion by the incorrect number was resolved when the correct number was hand written on the final judgment. The
1999 case was tried pursuant to the petition and counterclaim filed in the 1999 case. The case Landa v. Bogle,62 S.W.2d 
579 (Tex. Civ. App.-San Antonio 1933), rev'd on other grounds, Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154 (1936),
cited by appellant, is distinguishable because there, the trial court ordered two consolidated suits tried on the merits of the
original or oldest suit, whereas, there was no order in the instant case ordering that the case be tried on the merits of the
original action. Any error caused by a misjoinder of actions is not ground for dismissal of an action, but if called to the
attention of the trial court the improperly joined case may be severed. Tex. R. Civ. P. 41. However, appellant failed to
preserve a complaint for appellate review as she made no complaint to the trial court by a timely request, objection, or
motion stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. 
Tex. R. App. P. 33.1(a)(1)(2). Even if appellant preserved her complaint, we cannot reverse on the ground the trial court
made an error of law because we conclude the error complained of did not: (1) probably cause the rendition of an improper
judgment, or (2) probably prevent the appellant from properly presenting the case to the court of appeals. Tex. R. App. P.
44.1(a)(1)(2).

 Appellant's issue number two is overruled.

 Appellant's issue number three claims the court erred in denying her motion for mental examination.

 Appellant filed a motion for mental examination of appellee which volunteers that appellant would submit to a mental
examination if the court ordered appellee to submit to a mental examination. The motion alleges the conclusions, without
any supporting facts, that the mental condition of appellee is in controversy in this case, which could possibly have an
adverse effect on the child the subject of this suit. The trial court may issue an order for examination only for good cause
shown when the mental or physical condition of a party is in controversy. Tex. R. Civ. P. 204.1(c)(1).

 At the hearing on the motion, appellant's attorney stated, "There [are] some serious allegations that I don't want to get into
right now, and they are just allegations at this point," and declined to offer evidence to support the motion. Instead,
appellant testified that she had "no problems' with the child being with appellee, she saw no need to ask for "restricted"
visitation, and she felt that the child was "safe" with his father, but this testimony does not raise an issue as to appellee's
mental condition. The trial court did not prevent appellant from offering evidence other than her testimony. Although it
was within the trial court's discretion whether to grant or deny the motion, no order was signed indicating a ruling on the
motion by the court, and the appellant did not object to the court's inaction on the motion. Even if appellant had made an
objection and preserved any error, the motion was not supported by evidence that appellee's mental condition was in
controversy. Tex. R. App. P. 33.1(a)(2)(B); Tex. R. Civ. P. 204.1(c)(1). 

 Appellant's issue number three is overruled.

 Appellant's issue number four states that appellee failed to timely designate his expert witnesses.

 Appellant claims that appellee's designation of experts Dr. Kit Harrison and Jack Grimm on February 5, 2001, 30 days
prior to the trial date, March 5, 2001, was untimely because it was not either 60 or 90 days prior to March 23, 2001, the last
day of the discovery period. Appellant is correct in arguing rule 195.2 of the Texas Rules of Civil Procedure requires the
designation of experts to be made either 60 or 90 days prior to the end of the discovery period, but rule 195.6 provides that
amendment or supplementation of written discovery regarding a testifying expert is governed by rule 193.5. See Tex. R.
Civ. P. 195.2 (schedule for designating experts); Tex. R. Civ. P. 195.6 (amendment and supplementation of written
discovery). Rule 193.5 permits amending or supplementing responses 30 days prior to trial. See Tex. R. Civ. P. 195.2. 
Appellee's designation of experts complied with rule 193.5. See id.

 At the hearing on appellant's motion, the grounds were the failure of Dr. Harrison to appear at a deposition, not failure to
timely designate experts. The trial court did not rule on this motion, but did not refuse to rule on it. Where the record fails
to reflect that the trial court refused to rule, we must conclude the complaining party failed to request a ruling of the trial
court, and failed to preserve a complaint for appellate review. Tex. R. App. P. 33.1(a)(2)(B).

 A subsequent motion was made by appellant to exclude Dr. Harrison's testimony because he failed to show up for a
deposition which is the subject of appellant's issue number five, but this motion made no claim to exclude his testimony
because the designation was untimely. Jack Grimm was not mentioned in the motion.

 The appellant acknowledged she knew that Dr. Harrison was going to testify for the appellee at a hearing approximately
nine months prior to trial and was not unfairly prejudiced assuming an untimely designation. The trial court did not abuse
its discretion in admitting the testimony of appellee's experts. Henry S. Miller Co. v. Bynum, 836 S.W.2d 160, 162 (Tex.
1992).

 Even assuming there was error regarding the designation fo experts, we conclude it did not: (1) probably cause the
rendition of an improper judgment, or (2) probably prevent the appellant from presenting the case to the court of appeals. 
Tex. R. App. P. 44.1(a)(1)(2). 

 Appellate's issue number four is overruled.

 Appellate's fifth issue states that the court erred in failing to strike the testimony of Dr. Kit Harrison, a child psychology
expert, who failed to appear for deposition prior to trial.

 Appellant did not attempt to take Dr. Harrison's deposition until after the attempted jury trial and mistrial on March 5,
2001. A trial was scheduled for April 23, 2001. The discovery period ended on March 23, 2001. Harrison was served on
March 21, 2001, with notice the deposition would be taken on April 12, 2001. Appellant and Harrison apparently
informally rescheduled the deposition to April 20, 2001, but no agreement was made pursuant to rule 11 of the Texas Rules
of Civil Procedure. See Tex. R. Civ. P. 11 (agreements must be in writing). The deposition was attempted after March 23,
2001, the last day of the discovery period. It is immaterial that Harrison did not appear for the deposition. Appellant did
not seek leave of court to take the deposition or move for a continuance in order to take the deposition prior to trial. Tex.
R. Civ. P. 252. Appellant's efforts to take Harrison's deposition were untimely, and the opportunity for appellant to
interview Harrison in private prior to his testimony was a good faith gesture by appellee which cannot extend the time for
taking the deposition or result in error. See Tex. R. Civ. P. 11. 

 Even if there were error in such connection, we conclude it did not: (1) probably prevent the rendition of an improper
judgment, or (2) probably prevent the appellant from properly presenting the case to the court of appeals. Tex. R. App. P.
44.1(a)(1)(2). 

 Appellant's fifth issue is overruled.

 Appellant's issue number six states that the court erred in conducting an in-chambers interview with the child without the
court reporter present and before determining the competency of the child.

 The trial court interviewed the parties' eight-year-old son, Z.D., out of the presence of the parties and a court reporter, and
made a finding of fact in such connection, as follows:

11. The Court took judicial notice that the child, in Chambers, demonstrated a particularly strong attachment for his father
and a strong desire to reside with him. The substance of the child's expressions were related by the Court to the parties and
their lawyers.



The trial court had authority to conduct the interview without a showing of competency of the child and without a court
reporter. Tex. Fam. Code Ann. § 153.009(d) (Vernon 2002). Appellant fails to show that the trial court abused its
discretion in conducting and reporting the interview. There is no error.

 Appellant's sixth issue is overruled.

 Appellant's seventh issue claims the trial court erred in entering a property division that was not "just and right."

 The trial court made the finding in the final decree that the division of the marital estate made therein was "just and right,"
having due regard for the rights of each party and the child of the marriage. Appellant withdrew her motion to clarify the
award, and made no request for findings of fact regarding the property division or other proper challenge to the trial court's
finding as to the property division. The unchallenged findings of the trial court as to the division of the marital estate
occupy the same position and are entitled to the same weight as the verdict of the jury. McGalliard v. Kuhlman, 722
S.W.2d 694, 696 (Tex. 1986). In any event, the appellant's argument does not point out any abuse of discretion of the trial
court in making the property division, or how the award was disproportionate or "not just and right." Tex. R. App. P.
38.1(h). 

 Appellant's seventh issue is overruled.

 Appellant's eighth issue states the court erred in determining there were no proper reimbursement claims.

 The trial court made a conclusion of law as follows:

3. The Petitioner's reimbursement issues were not proven or supported by necessary elements.



 Appellant made no request for findings of fact or conclusions of law, no request for additional or amended findings of fact
or conclusions of law regarding her reimbursement claim, and she did not make any other proper challenge to the trial
court's finding as to appellant's reimbursement claim. The trial court found in its conclusions that "The Petitioner's
reimbursement issues were not proven [or] supported by necessary elements." Appellee claims that the value of his separate
property at the time of marriage was an essential element of appellant's reimbursement claim and she failed to make such
proof. The unchallenged finding of the trial court as to the elements of the reimbursement claim occupy the same position
and are entitled to the same weight as the verdict of the jury. McGalliard, 722 S.W.2d at 696. 

 Even if appellant made a challenge to the court's finding, it could not supply the missing element appellant failed to prove,
that is, the value of appellee's separate property at the time of marriage. Tex. Fam. Code Ann. § 3.401(a)(b) (Vernon
1999). To calculate any enhancement that creates an equitable interest, the net amount of the enhancement in value,
including the value of the separate property at the time of marriage, must be proven to arrive at such net value. Id. 
Appellant testified the community spent $30,000.00 on purchases, house notes, and improvements on appellee's separate
property house, but without evidence of the value of the house at the time of marriage, the amount of the equitable claim
for reimbursement cannot be calculated under the statute which creates the claim. Tex. Fam. Code Ann. § 3.402 (Vernon
Supp. 2003).

 Appellant's eighth issue is overruled.

 Appellant's issue number nine claims the court erred in deviating from the Standard Possession Order.

 The trial court found in finding of fact number eighteen the following:

18. The Court deviated from the Standard Possession Orders, affording less than standard access to the child because of
Mrs. Davis' contentious and at time assaultive behavior as demonstrated by the testimony and by her unruly conduct in the
courtroom. Furthermore, in view of the acrimony between the parties, it appeared in the child's best interest to reduce the
number of contacts required between the parents during exchanges of possession.



 Appellant does not challenge the substance of the trial court's finding of fact. Instead, she argues the court did not have the
authority to make such finding, which was a punitive attack on her and is not in the best interest of the child. We must
accept the findings of the trial court and give the same weight to them as the verdict of the jury. McGalliard, 722 S.W.2d at
696. It was within the trial court's discretion to deviate from the Standard Possession Order guidelines. Tex. Fam. Code
Ann. § 153.256 (Vernon 2002). Accordingly, the trial court could consider the following:

 1. the age, developmental status, circumstances, needs and best interest of the child;



 2. the circumstances of the managing conservator and of the parent named as a possessory conservator; and



 3. any other relevant factor. 



Id.

 The trial court did not abuse its discretion in deviating from the Standard Possession Order as it properly applied the
statutory factors to the facts he found as the finder of fact. The trial court could and did take into consideration Mrs. Davis's
contentious and at times assaultive behavior and her unruly conduct in the courtroom. Also, the trial court had the
discretion to take into consideration the acrimony between the parties and hold that it was in the best interest of the child to
reduce the number of contacts required between the parents during exchanges of possession.

 Appellant's issue number nine is overruled.

 Appellant's issue number ten states that the trial court erred in not granting a new trial because of the insufficiency of the
evidence. Appellant claims the evidence was factually insufficient to support the court's judgment on (1) custody, (2)
reimbursement, (3) the property award, and (4) the visitation order. Under an abuse of discretion standard, the legal and
factual sufficiency of the evidence are not independent grounds of error, but are treated as relevant factors in assessing
whether the trial court abused its discretion. Zorilla v. Wahid, 83 S.W.3d 247, 252 (Tex. App.-Corpus Christi 2002, no
pet.).

 Appellant has not made a specific challenge to the findings of the trial court but only cites testimony which she says shows
that she is a good person and a good mother, she works as a nurse, does not drink, does not smoke, has three children from
a prior marriage who make good grades, with one being in ROTC, and that Eddie Davis's judgment, at best, as to the best
interest of his child, was frequently questionable. 

 As we decided in issue number eight, unchallenged findings of the trial court are entitled to the same weight as the verdict
of the jury. McGalliard, 722 S.W.2d at 696. The findings of fact which support the judgment are as follows:

 1. This case as tried on the merits to the Court beginning on April 23, 2001, and concluding with evidence (concerning
custody and access) and rulings on April 26, 2001. Respondent was designated the primary joint managing conservator of
the child, [Z.D.].



 7. During the trial on the merits, the Court heard testimony from numerous witnesses including the parties, family
members, a child advocate (Victoria Mason, a clinical psychologist (Dr. Kit Harrison) and various others. The child of the
marriage, [Z.D.], age eight (8) years old was interviewed by the Court in chambers, no record having been made of said interview.



 8. Dr. Harrison was accepted by the Court as an expert in child psychology, clinical psychology and in family
relationships. Dr. Harrison, having administered various tests to Mr. Davis and having evaluated Mr. Davis and the child,
found no reason that Mr. Davis should not have primary custody and indicated that the child exhibited a strong preference
in favor of residing with his father.



 9. The Petitioner, Linda Davis, presented no psychological nor any other 'expert' evidence.



 10. The child advocate strongly favored the mother, Linda Davis, as primary conservator, but possessed neither
considerable experience nor any particular expertise in child custody matters.



 11. The Court took judicial notice that the child, in Chambers, demonstrated a particularly strong attachment for his father
and a strong desire to reside with him instead of his mother. The substance of the chid's expressions were related by the
Court to the parties and their lawyers.



 12. The Court declined to review "several hundred hours" compressed by Petitioner to 'about 40 hours' of videotape taken
by Mr. Davis, the Court having heard descriptions by the parties of the activities depicted therein, and finding the activity
related primarily to the alleged failure of Petitioner to permit Respondent to speak with his son by telephone (whereas said
Petitioner was obviously at home). Other portions of the tape were self serving depictions of Mr. Davis and his child
during visitation periods. The Court declined to view and hear said videotapes because they were repetitious, redundant,
self serving, and in large part irrelevant.



 14. This was a particularly acrimonious and contentious proceeding involving a succession of lawyers, assignment of the
trial to visiting judges who were stricken by the parties, repeated interruptions of witnesses and lawyers by comments and
outbursts from the Petitioner, Linda Davis.



 16. The Court found that designation of Mr. Davis as the primary joint managing conservator was in the child's best
interests. (3)



 17. The Court found that, in consideration fo the chid's emotional and physical well being that awarding primary
conservatorship to Mrs. Davis might be harmful to the child.



 18. The Court deviated from the Standard Possession Orders, affording less than standard access to the child because of
Mrs. Davis' contentious and at times assaultive behavior as demonstrated by the testimony and by her unruly conduct in the
courtroom. Furthermore, in view of the acrimony between the parties, it appeared in the child's best interest to reduce the
number of contacts required between the parties during exchanges of possession. (4)



 19. The allegations of sexual impropriety on the part of Mr. Davis as related by Mrs. Davis and her older child (from
another union) were not found credible by the Court.



In the absence of a challenge to such findings by appellant, the findings have the same force and dignity as a jury's verdict. 
M. D. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). We accept the findings of the trial court which
support the judgment, and conclude that the trial court did not abuse its discretion in awarding custody to appellee. 

 Appellant's tenth issue is overruled.

 The judgment of the trial court is affirmed.



MAURICE AMIDEI

Justice

 



Opinion delivered and filed

this 12th day of June, 2003.

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

3. The trial court also made a similar "conclusion of law" regarding this issue: "1. Awarding primary conservatorship to
Mr. Davis was in the child's best interest."

4. The trial court also made a similar "conclusion of law" that: "2. Modification of the Standard Possession was in the
child's best interest and was based on objective findings by the Court."