C. R. Miller et al. v. T. F. Bush et al.

No. 5398. Decided February 12, 1930.
(24 S. W., 2d Series, 23.)

*Taylor, Farmer & Atkinson* and *W. L. Eason,* for appellants.

The contract in suit is several and not joint. Fire Insurance Co. v. Treadwell, 108 U. S., 361, 27 L. Ed., 754; Shipman v. Straitsville Mining Co., 158 U. S., 356, 39 L. Ed., 1015; Combs v. Steele,

80 Ill., 101; Costigan v. Lunt, 104 Mass., 217; 13 Corpus Juris, 579; Creamery Co. v. Building (Ky.) 45 S. W., 895.

Since the obligation in suit is several and not joint, each defendant has a right to be sued in the county of his residence. Danciger v. Smith, 229 S. W., 909; Gladish v. Neeley, 248 S. W., 753; Bank v. Bulls, 243 S. W., 578; Elder v. Staten, 242 S. W., 481; India v. Murphy, 6 S. W. (2d) 143; Harrison v. Amador, 9 S. W. (2d) 280; Jaffee v. Walkup, 2 S. W. (2d) 480.

The payment of the note by plaintiffs extinguished it, and their cause of action against the defendants is not upon the note, but for contribution, which is an action in assumpsit or on an implied promise. Faires v. Cockrell, 88 Texas, 437, 31 S. W., 190; Hazelton v. Holt, 285 S. W., 1117; Exum v. Mayfield, 297 S. W., 608; Huggins v. Johnston, 3 S. W. (2d) 940; Galbraith v. Long, 5 S. W. (2d) 167.

If the sentence in the first paragraph of the contract stopped at the last comma, then the contract would be joint and several, but the clause following the last comma obviously makes the obligation several and not joint. The language is "our pro rata part of such amount so paid out by the said directors." Pro rata, according to the dictionary, means "according to share, interest, or liability of each." The proportionate part is fixed by the number of shares.

*Spell, Naman & Penland,* and *Witt, Terrell & Witt,* for appellees.

The defendants having obligated themselves in one contract to reimburse the plaintiffs the loss that was sustained by them (being the amount paid out by plaintiffs for the Twine Mills by reason of their endorsement) and the liability of each defendant having its source in and growing out of the same obligation, it was proper to join the defendants, in order to have determined in one suit the respective proportion for which each defendant was liable and the suit was, therefore, properly brought in McLennan County, the residence of one of the defendants. Good v. Adrian, 233 S. W., 298; Merchants, etc., Insurance Exchange v. Southern Trading Company, 205 S. W., 352; Hinn v. Forbes, 264 S. W., 190; Hinn v. Gallagher, 114 Texas, 323; Mateer v. Cockrill, 45 S. W., 751; Mathis v. Pridham, 20 S. W., 1015; Turner v. Brooks, 21 S. W., 404.

It will be observed that the plural pronoun "we" is used throughout the contract. In 6 R. C. L., Sec. 266, page 878 the general

rule is stated to be that an obligation entered into by more than one person is presumed to be joint and that a several responsibility will not arise except by words of severance; that one of the rules for determining whether a contract is joint is whether the interest of the parties in the subject matter is joint and that the use of the pronoun "we" usually creates a joint obligation.

Many cases have held that the use of the words "pro rata" in a contract of this nature does not change the contract into one of several liability where from the terms of the contract joint liability is apparent. Wood v. Farmer, 86 N. E., 297.

In the third proposition of appellants the contention is made that this suit is not upon the note which was endorsed by the directors, but is in the nature of a suit for contribution, and we are inclined to refrain from taking any issue with appellants on that proposition, and if appellants are correct, then under the authority of Hinn v. Forbes, 264 S. W., 190, a decision rendered by this honorable court, the defendants were properly joined and the plea of privilege was properly overruled.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In this case the Court of Civil Appeals for the Tenth District has submitted a certificate containing certified questions. The certificate, so far as necessary to be stated, is as follows:

"This appeal is prosecuted from an order of the district court overruling certain pleas of privilege.

"Waco Twine Mills, a corporation, was in financial straits. The stockholders thereof executed and delivered to the board of directors the following contractual obligation:

"The State of Texas  )
County of McLennan.  )

"We, the undersigned stockholders of the Waco Twine Mills, in order to induce the directors of said corporation to properly finance the same by borrowing money on the credit of the Twine Mills with their endorsement, or in such other manner as to them may seem for the best interest of said Mill, have agreed and here now agree that in event the directors of said corporation should by reason of such endorsement be required to pay any sum or sums of money, then we, and each of us agree to reimburse such directors, or either of them, to the extent of the payment so made by them or either of

them, our pro rata part of such amount so paid out by the said directors.

"It is understood and agreed, however, that none of us shall in any event be liable in a greater sum than the amount set opposite our name, being one half the amount at par value of the stock now owned by us.

"It is further distinctly understood and agreed that we shall not be liable hereunder unless the indebtedness created by said Waco Twine Mills, upon which such liability arises, shall have been authorized by a majority of the Executive Committee at a meeting duly constituted.

"It is further understood and agreed that this contract shall terminate January 1, 1926. Any liability created hereunder prior to January 1, 1926, shall continue until the liability of said directors shall have been fully terminated.

```
"(Signed) · J. B. Earle................. 10 Shares
           T. J. Bush................. 45 Shares
           C. R. Miller.................500 Shares
           G. H. Connell...............130 Shares
           J. M. Penland.............. 18 Shares
           The Goldstein Migel Company,
               A: M. Goldstein, Treas...... 25 Shares
           H. T. Aynesworth............ 25 Shares
           Spell, Naman & Penland...... 59 Shares
           T. S. Corriher..............220 Shares
           Robt. B. Dupree............. 10 Shares
           McLendon Hdw. Co.,
               By Geo. K. McLendon...... 25 Shares
           Behrens Drug Co.,
               By W. R. Clifton, Chairman
               of Board ................ 25 Shares
           Hugh Halsell ................ 75 Shares
           R. W. Higginbotham......... 50 Shares
                   ($2500.00 Guaranty Limit)
           J. B. Ellis.................. 50 Shares
               By G. H. P, as per letter of
               date Dec. 20, 1924.
```

"It seems that all the directors joined the other stockholders in executing this obligation. Thereafter, and before January 1st 1926, the corporation borrowed on its note from the First National

Bank of Waco $65,000.00. Said note was authorized by the executive committee, as required by the foregoing obligation, and was endorsed by the several members of the board of directors. Said indebtedness having been reduced by payments to the sum of $37,000.00, was thereafter renewed for said sum. The renewal note was endorsed by appellees T. F. Bush, J. M. Penland, D. M. Wood, J. B. Earle and G. H. Penland, and also by J. B. Ellis and T. S. Corriher, all of whom were directors of the corporation. Thereafter the corporation was adjudged a bankrupt. Its assets were disposed of by the trustee and the dividend apportioned to the bank as holder of said note was applied thereon. Appellees then made a calculation pro-rating the unpaid balance due on said note among the respective stockholders, and requested each of the same to pay his proportionate part. All the stockholders except J. B. Ellis, T. S. Corriher, Hugh Halsell and appellants C. R. Miller, G. H. Connell and R. W. Higginbotham paid the sums demanded of them, respectively. The several amounts so paid were applied on said renewal note, leaving a balance of principal and interest then due of $22,378.82. Appellees then paid said sum to the bank and it transferred said note to them without recourse by written endorsement thereon.

"Appellees then brought this suit in the district court of McLennan County against appellants C. R. Miller, G. H. Connell and R. W. Higginbotham, and against Hugh Halsell and T. S. Corriher, being all the stockholders except J. B. Ellis who failed to pay the amounts demanded of them, respectively, by appellees. Ellis resides in the state of Oklahoma. T. S. Corriher resides in McLennan County and Hugh Halsell in Dallas, Dallas County. Appellees Miller and Higginbotham reside in Dallas County and appellee Connell resides in Tarrant County. Appellants each filed his separate plea of privilege to be sued in the county of his residence. Appellees controverted each of said pleas on the same grounds. Said grounds as stated in the controverting affidavit filed in reply to the plea of privilege of appellant Miller are as follows:

" 'That the defendant C. R. Miller is sued jointly with other defendants on a joint and several obligation of such defendants and that one of said defendants is T. S. Corriher who resides in Mc-Lennan County, Texas, and did reside in McLennan County, Texas, at the time of the institution of this suit.'

" * * * Each of said controverting affidavits made the allegations of appellees' petition a part thereof. Appellees in said petition

set out the fact substantially as above recited in general terms, and prayed for judgment in favor of appellees against the defendants therein jointly and severally for the balance of said original indebtedness remaining unpaid.

"There was a hearing on said several pleas of privilege before the court, and each was overruled. Hence this appeal.

"Appellants contend that the liability incurred by them respectively by signing the obligation hereinbefore set out was several and not joint. They cite in support of such contention the following authorities: Fire Insurance Co. v. Treadwell, 108 U. S., 361, 27 L. Ed., 754; Shipman v. Straitsville Mining Co., 158 U. S., 356, 39 L. Ed., 1015; Combs v. Steele, 80 Ill., 101; Costigan v. Lunt, 104 Mass., 217; 13 Corpus Juris, 579; Creamery Co. v. Building Co. (Ky.) 45 S. W., 895. * * *

"Appellees * * * contend that the liability incurred by appellants and other stockholders by signing said obligation was joint as well as several, and cite in support of such contention the following authorities: 6 R. C. L., p. 878, Sec. 266; Wood v. Farmer, 200 Mass., 209, 86 N. E., 297, and Security Insurance Co. v. St. Paul Fire & Marine Ins. Co., 50 Conn., 233. * * *

"We deem it proper to certify for your determination the following questions of law arising in this case:

"FIRST: Is the cause of action alleged and proved by appellees, as above set out, a joint cause of action against the several defendants in this suit?

"SECOND: If not, since appellees' cause of action against defendant Corriher grew out of the same transaction as their cause of action against appellants, are such respective causes of action so intimately connected that the two should be joined under the rule intended to avoid a multiplicity of suits, as suggested in Richardson v. Cage Company, supra, notwithstanding none of appellants reside in McLennan County and each of them is properly asserting the privilege claimed by him of being sued in the county of his own residence?

"THIRD: Did the trial court, under the facts above recited, which are undisputed, err in overruling appellants' respective pleas of privilege, and in holding subdivision 4 of Article 1995 of the Revised Statutes on the subject of venue, applicable?" * * *

Respecting the indemnity to which the contract relates, the first paragraph of the instrument provides:

"We, and each of us, agree to reimburse such directors, or either of them, to the extent of the payment so made by them, or either

of them, our pro rata part of such amount so paid by the said directors."

Liability for "our pro rata part" of the indemnity sum—that is to say, the pro rata part of every signer, including the directors, is, by appropriate language, imposed on each signer severally and on all jointly. Nothing can be found anywhere in the instrument, or in the general nature of the transaction disclosed by its terms, which would justify the belief that the integral term "we and each of us," as used in this clause, was intended to bear any other than its usual signification. On the contrary, when this entire clause is considered in the light of the language preceding it—which language discloses the occasion for the making of the contract, and the common interest of all the contracting parties in the subject matter—an intention to create a joint and several obligation on the part of the signers of the instrument, as between themselves, becomes manifest.

Moreover, it occurs to us that, regardless of the particular words employed, where a binding agreement of a number of parties with one another is to the effect that each will bear his proportionate part of a burden resting on the shoulders of one or more of them, a joint and several obligation, as between themselves, necessarily arises. For the necessary effect of such an agreement is to bind the parties to one another for the performance of the several promises of all.

In the case of Fire Insurance Co. v. Treadwell, 108 U. S., 361, cited by the appellant, the enforcement, as between several promisors, of their respective promises to one another, was not involved. The very point of law decided in that case is, in effect, that an agreement made by several parties, *with each other,* to the effect that each will contribute, pro rata, to the prosecution of a common enterprise, creates "no joint undertaking or promise, on the part of all, *to any one else.*" That case, as well as every other one cited by the appellants, differs in material respects from the one before us.

The contract under consideration creates a joint and several obligation. The clause next succeeding the one we have quoted does not affect the nature of this obligation. This clause has effect simply to restrict, as to amount, the liability of the several parties.

We recommend that the first certified question be answered in the affirmative and the third in the negative.

This renders an answer to the second unnecessary.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.