**ROBERTSON DISTRIBUTION SYSTEMS, INC., a Texas Corporation, Appellant,**

v.

**Howard E. BUTT, Jr., et al., Appellees.**

No. 698.

Court of Civil Appeals of Texas, Corpus Christi.

May 31, 1972.

Rehearing Denied June 22, 1972.

Dyche, Wright, Sullivan, Bailey & King, A. J. Carrubi, Jr., Aubrey B. Calvin, Houston, for appellant.

Sorrell, Anderson & Sorrell, J. R. Sorrell, R. Knox Tyson, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is a venue case, however the question presented is the severability of the cause of action alleged by plaintiff. Robertson Distribution Systems, Inc., hereinafter referred to as "plaintiff", instituted this suit in the District Court of Nueces County, Texas, wherein it sued for damages alleged to have been caused by defendants' breach of warranties, representations and indemnification agreements contained in a certain Stock Purchase and Redemption Agreement entered into on September 14, 1970 by and between plaintiff, as purchaser, and some of the defendants, as

sellers, and in a certain Stock Purchase Agreement entered into on September 30, 1970 by and between plaintiff, as purchaser, and the remaining defendants, as sellers. The defendants named in said suit were Howard E. Butt, Jr., individually, Charles C. Butt, individually, and the Corpus Christi State National Bank as receiver of the estate of J. L. Boggus, Jr., J. L. Boggus, Jr., individually and Mrs. J. L. Boggus, Jr., individually, residents of Nueces County, Texas, hereinafter referred to as the "Nueces County defendants"; and J. L. Youngblood, Frank M. Boggus, and the First National Bank of Harlingen, as co-executors of the estate of James Lewis Boggus, deceased, residents of Cameron County, Texas, hereinafter referred to as "the Cameron County defendants".

The Cameron County defendants filed their plea of privilege to be sued in Cameron County, the county of their residence. Plaintiff did not controvert that plea. The trial judge of the District Court of Nueces County, Texas, sustained said plea and ordered the case transferred to the District Court of Cameron County, Texas, only insofar as it concerned the Cameron County defendants. Plaintiff has duly perfected its appeal to this Court.

Plaintiff apparently does not appeal from the judgment that transfers the cause to Cameron County insofar as it affects the Cameron County defendants because plaintiff's sole point of error reads:

"The District Court after sustaining the plea of privilege of three of the six named defendants, erred in not transferring the entire cause of action to the county of residence of such defendants."

Plaintiff does not refer to any subdivision of Article 1995, Vernon's Ann.Civ.St., the venue statute, in support of this point. We are asked to reverse and remand the case "with instructions to the trial court to transfer the entire cause of action to Cameron County, Texas". Therefore, the judgment of the trial court transferring the case to Cameron County insofar as the Cameron County defendants are concerned is not before us for review.

The Nueces County defendants filed original answers to plaintiff's petition. Findings of fact and conclusions of law were neither requested nor filed.

■ The only question to be decided by this Court in the matter of the appeal is whether or not the case as to the Nueces County defendants should have been transferred to Cameron County. The appeal, as aptly put by plaintiff in its brief, involves "only the single issue of severability".

■ It is now an established rule in this State that where the cause of action is joint against two or more defendants the sustaining of the plea of privilege on the application of one of the defendants has the effect of transferring the entire case, including the subject matter and all parties, to the place where the defendant filing the plea is entitled to have it tried. On the other hand, if the cause of action is severable, or joint and several, the sustaining of a plea of privilege for a particular defendant operates only to transfer the case as to such defendant and the trial court retains jurisdiction over the action insofar as it concerns the remaining defendants who did not file pleas of privilege or whose pleas were not sustained. Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65 (1942); Hickman v. Swain, 106 Tex. 431, 167 S.W. 209 (1914); Comer v. Brown, 285 S.W. 307 (Tex.Comm'n App. 1926, opinion adopted); Johnson v. First National Bank of Brenham, 42 S.W.2d 870 (Tex.Civ.App.— Waco 1931, n. w. h.).

■ In order for a cause of action to be a joint action, there must be a joint liability on the part of the defendants. The legal distinction between contracts which impose joint liability and those that provide for joint and several liability was set out in Miller v. Bush, 119 Tex. 53, 24 S.W.2d 23

(Tex.Comm'n App. 1930, opinion adopted), as follows:

> "Moreover, it occurs to us that, regardless of the particular words employed, where a binding agreement of a number of parties with one another is to the effect that each will bear his proportionate part of a burden resting on the shoulders of one or more of them, a joint and several obligation, as between themselves, necessarily arises. For the necessary effect of such an agreement is to bind the parties to one another for the performance of the several promises of all."

The Supreme Court, in International Harvester Company v. Stedman, 159 Tex. 593, 324 S.W.2d 543 (1959), said:

> " . . . A suit is not necessarily a 'joint action growing out of joint liability' simply because the plaintiff might be awarded a judgment against the defendants jointly if all remained parties to the same proceeding, and that the avoidance of a multiplicity of suits is not always a consideration in determining whether the entire cause must be transferred when the plea of privilege of one defendant is sustained."

In the instant case, as a result of the execution of the aforesaid Stock Purchase Agreement and Redemption Agreement and of the Stock Purchase Agreement, by the defendants, as sellers, plaintiff, as purchaser, acquired all of the issued and outstanding stock of the two corporations therein named. The Stock Purchase and Redemption Agreement, in the event liability was imposed on the sellers, specifically apportioned such liability on the sellers as follows:

> "Howard E. Butt, Jr. and Charles
> C. Butt (jointly and severally) ... 44%
> Co-Executors ................. 56%."

The words in the aforesaid Agreement apportioning liability in the percentages stated to the named persons create a joint and several obligation as between the sellers (defendants herein), and, therefore, this case falls within the rule stated in Miller v. Bush, supra. We hold that the cause of action asserted by plaintiff is joint and several and thus severable.

■■ Rules 86 and 87, Texas Rules of Civil Procedure, prescribe the pleading and procedure for the trial of questions of venue. The issue of venue is joined only by the filing of a controverting affidavit that must be served upon the defendant as provided by Rule 87, T.R.C.P. This is necessary in order to invest the trial court with jurisdiction over defendant on the matter of venue and to make the defendant a party to the contest as to venue. Here, when the venue was challenged by the Cameron County defendants' plea of privilege and plaintiff did not file a controverting affidavit, the issue of venue as to the Nueces County defendants was never joined; as a consequence, the trial court was without jurisdiction to enter any order other than one transferring the cause to Cameron County insofar as it pertained to those defendants residing in Cameron County. Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154 (1936); John E. Quarles Co. v. Lee, 58 S.W.2d 77 (Tex.Comm'n App. 1933, holding approved); Durrett v. Arctic Air, Inc., 319 S.W.2d 937 (Tex.Civ.App.— Houston 1959, n. w. h.).

The Nueces County defendants were not parties to the plea of privilege filed by the Cameron County defendants, and did not participate in any of the proceedings in the trial court incidental to either the filing of the plea of privilege or the order sustaining the same. Their right to be sued in the county of their residence was never questioned by plaintiff in the trial court. They have asserted no privilege to be sued elsewhere. Plaintiff has deliberately made its choice and has had its day in court concerning venue. To transfer the case as to the Nueces County defendants under the record before us would deprive them of a trial on the issue of venue and would deny them their day in court.

■ It is settled law in this State that the plaintiff, to overcome a plea of privilege, must prove as well as specifically plead, the venue facts upon which he relies. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941); Furr's Super Market, Inc. v. Jernigan, 380 S.W.2d 193 (Tex.Civ.App.—Amarillo 1964, n. w. h.). Plaintiff's original petition recites that the Nueces County defendants reside in Nueces County, Texas. Nothing different in the form of pleading or proof in any venue hearing was ever filed in or presented to the trial court. Plaintiff did not plead any facts or offer any proof that would authorize the transfer of this case to Cameron County as to the Nueces County defendants. The cause of action asserted by plaintiff is here severed, and that part relating to the Cameron County defendants will be transferred to Cameron County. The cause of action relating to the Nueces County defendants will remain in Nueces County, Texas. Plaintiff's point is overruled.

■ After the appeal had been perfected and on the day preceding its submission in this Court, plaintiff filed a motion in the District Court of Nueces County, Texas, for leave to take a non-suit as to all defendants, Cameron County as well as Nueces County defendants. The motion was granted by the trial court on the same day that it was filed and an order of dismissal was entered that dismissed the suit in its entirety without prejudice to the right of plaintiff to refile the same. The next day the case was submitted to the Court of Civil Appeals without complaint. Thereafter, and after the case had been submitted in this Court, plaintiff filed a motion in this Court to dismiss its appeal on the ground that the appeal had become moot by the taking of a non-suit against all defendants in the entire cause of action.

Rule 89, T.R.C.P., states (in part):

"If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the proper court; . . . Provided, however, if the cause be severable as to the parties defendant and shall be ordered transferred as to one or more defendants but not as to all, the clerk, instead of sending the original papers, shall make certified copies of such filed papers as directed by the court and forward the same to the clerk of the court to which the venue has been changed. . . ."

Rule 385(c), T.R.C.P., provides:

"Where the appeal is from an order sustaining a plea of privilege, transfer of the venue and trial upon the merits shall be suspended pending the appeal."

Plaintiff's motion to dismiss must be denied for several reasons. In the first place, a motion to dismiss the appeal as a matter of right, filed after the case has been submitted to a Court of Civil Appeals comes too late. 5 C.J.S. Appeal & Error § 1374, pp. 473-474. The Nueces County defendants object to the dismissal of the appeal.

The Commission of Appeals, in H. H. Watson Co. v. Cobb Grain Co., 292 S.W. 174, 177 (1927), where a plea of privilege had not been controverted, and defendant had moved the trial court to transfer the case by sustaining the plea, but the court had not announced his decision, held that plaintiff could take a non-suit "until that order has actually been announced". See First National Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.2d 215 (1933); Atlantic Oil Producing Co. v. Jackson, 116 Tex. 570, 296 S.W. 283 (1927); Sherrill v. Sherrill, 359 S.W.2d 330 (Tex.Civ.App.—Waco 1962, writ dism'd). Here, the non-suit was attempted after the trial court had announced his decision on the question of venue and after the appeal had been perfected to this Court.

The cases relied on by plaintiff as authority for its taking a non-suit are those where a non-suit was taken during the pendency of an appeal from an order *overruling* the plea of privilege. Those cases are not in point. We have an order *sus-*

*taining* the plea of privilege in this case, not an order overruling it.

An appeal may be had from a judgment sustaining or overruling a plea of privilege, but it suspends a trial on the merits pending determination of the appeal only in the event the judgment appealed from is one sustaining the plea. Allen v. Woodward, 111 Tex. 457, 239 S.W. 602 (1922); Texas & P. Ry. Co. v. Wood, 211 S.W.2d 321 (Tex.Civ.App.—El Paso 1948, writ ref'd n. r. e.). It follows that in this case where some of the defendants reside in Cameron County and some reside in Nueces County, and no controverting affidavit was filed to contest the plea of privilege asserted by the Cameron County defendants, and no complaint was lodged concerning the transfer of the case to Cameron County as to the defendants residing there, and where the only complaint is that the judgment sustaining the plea did not go far enough so as to transfer the entire cause of action to Cameron County with respect to all defendants (including those residing in Nueces County), that the trial court was without authority to disturb the status of the parties pending the appeal by the attempted granting of a non-suit as to the case in its entirety.

In Goad Motor Co. v. Yantis, 296 S.W. 990 (Tex.Civ.App.—San Antonio 1927, n. w. h.), the trial court overruled defendant's plea of privilege. The judgment was appealed. Pending the appeal, the trial court set aside its former judgment and reset the hearing upon the plea of privilege. The Court of Civil Appeals held that the latter order was unauthorized, and said:

" . . . After the appeal was perfected the trial court had no further jurisdiction in the case, and was without authority to enter the order setting aside the judgment appealed from, or to hear the plea, or otherwise disturb the status of the parties pending the appeal."

A case in point is Long v. Compton, 398 S.W.2d 784 (Tex.Civ.App.—Waco 1965, n. w. h.). In that case, Hall sued Long in Harris County. The cause was given the number 640,087 in the 151st District Court; Long's plea of privilege to be sued in Tarrant County was overruled; the Court of Civil Appeals reversed the judgment of the trial court and ordered the case transferred to Tarrant County. Thereafter, and after the judgment of the Court of Civil Appeals had become final, Hall took a non-suit in Cause 640,087, in the 151st District Court of Harris County, and the judge of that court entered an order dismissing such cause. The clerk of the 151st District Court refused to transfer the papers in the cause to Tarrant County. The Court of Civil Appeals, on a petition for mandamus, ordered the clerk to transfer all such papers. It held:

"The 151st District Court lost jurisdiction of the cause once appeal was perfected to the Court of Civil Appeals. The taking of the non-suit in the 151st District Court of Harris County, and the judgment of dismissal in the 151st District Court, are nullities. . . ."

The attempted non-suit could not and cannot be considered a motion to discontinue the suit against either the Nueces County defendants or the Cameron County defendants, as authorized by Rule 163, T.R.C.P. It is a motion to dismiss the entire case and nothing else. Plaintiff cannot successfully bring about a dismissal of its original lawsuit as to *all* defendants by the expedient of taking one non-suit as to all defendants after the plea of privilege as to the non-resident defendants has been sustained, and the case ordered transferred as to them and the appeal perfected, where the issue of venue as to the resident defendants has never been determined in the now severed lawsuit. The effect of the judgment of the District Court of Nueces County sustaining the plea of privilege was to retain jurisdiction of the case insofar as it concerned the Nueces County defendants and to transfer the jurisdiction of that part of the case as to those defendants residing in Cameron County, sub-

ject to this appeal. Fry v. Alaniz, 329 S.W. 2d 133 (Tex.Civ.App.—San Antonio 1959, n. w. h.); Kirk v. Harrington, 255 S.W.2d 557 (Tex.Civ.App.—Fort Worth 1953, n. w. h.); Jaques Power Saw Co. v. Womble, 207 S.W.2d 206 (Tex.Civ.App.—Waco 1948, n. w. h.). Plaintiff's attempted non-suit and the order granting same are set aside. Plaintiff's motion to dismiss the appeal is denied.

The District Clerk of Nueces County, Texas, is directed to make certified copies of the papers filed in the aforesaid suit and forward same to the District Court of Cameron County, Texas, in accordance with the provisions of Rule 89, T.R.C.P.

The judgment of the trial court is affirmed.