**J. D. BELCHER, Appellant,**

v.

**Manuel Villarreal RAMIREZ, et al, Appellees.**

**No. 1342.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 22, 1979.

Fred C. Auforth, Auforth, Keas & O'Reilly, Corpus Christi, for appellant.

Richard Morales, Sr., Laredo, Guy Leland Watts, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This is a venue case. Plaintiff Bill R. Akers filed suit in Nueces County, Texas, for certain damages to his automobile as a result of a collision in Webb County with two other automobiles driven by appellee

Manuel V. Ramirez of Jim Hogg County and appellant J. D. Belcher, a resident of Webb County. Ramirez filed a plea of privilege seeking to have the cause transferred to the county of his residence. The trial court sustained Ramirez' plea of privilege. Belcher appeals.

Plaintiff alleged several acts of negligence attributable to both defendants. Belcher answered by filing a general denial. Ramirez answered by filing a plea of privilege, a general denial and a cross-action against Belcher individually. Akers did not file a controverting affidavit.

Ramirez alleged, in his cross-action against Belcher, approximately the same facts that plaintiff had alleged, in essence, that Belcher negligently ran a stop sign and collided with the car Ramirez was driving; that the collision forced Ramirez into plaintiff's lane of traffic; and that as a result of such collision, Ramirez sustained personal injuries and damages to his automobile. Ramirez' cross-action did not seek contribution or indemnity from Belcher. Appellant Belcher answered this cross-action with a general denial.

At the venue hearing, the parties, in effect, agreed that Nueces County had no venue connection to plaintiff's suit except that it was plaintiff's initial choice of venue. Appellee Ramirez requested the court to transfer the cause to Webb County, the county in which the collision occurred, rather than to Jim Hogg County, the county requested in his plea of privilege. Although appellant Belcher resides in Webb County, he preferred to have the entire suit, or at least Ramirez' cross-action, tried in Nueces County, notwithstanding Ramirez' uncontroverted plea of privilege. After hearing the parties' respective arguments, the trial court entered an order granting appellee's plea of privilege, and transferring "the cause of action alleged against [Appellee Ramirez]" to Jim Hogg County.

Belcher appeals, presenting two points of error. In point of error number one, Belcher contends that the trial court erred by transferring the entire cause to Jim Hogg County when it sustained Ramirez' plea of privilege. In his second point of error, Belcher contends that Ramirez waived his right to assert a plea of privilege. Ramirez, on the other hand, insists that at the hearing before the trial court, appellant waived each of the contentions he now brings forward on appeal. The plaintiff, who did not contest appellee's plea of privilege and who is not a party to this appeal, filed a "position letter," indicating his willingness to try the suit "in any of the suggested counties," and his intention to remain uninvolved in the venue dispute between appellant Belcher and appellee Ramirez.

It is clear to us that the respective contentions advanced by both appellant and appellee in this appeal are predicated upon the assumption that, when the trial court sustained appellee's plea of privilege, it transferred the *entire cause* to Jim Hogg County, not only the plaintiff's suit against Ramirez, but the cause of action plaintiff Akers alleged against appellant Belcher and the cross-claim appellee Ramirez alleged against appellant Belcher. This is not what took place.

The trial court's order stated, in relevant part, as follows:

"[A]fter hearing and considering such Plea of Privilege filed by Defendant, Manuel Villarreal Ramirez, and there being no controverting Plea filed by either Plaintiff, Bill R. Akers and Defendant, J. D. Berlcher (sic), and the evidence and argument of counsel thereon, is of the opinion that the Plea of Privilege be sustained.

IT IS THEREFORE ORDERED *that Defendant's [Ramirez] Plea be sustained, and that the cause of action alleged against Defendant* [Ramirez], *in this suit styled and numbered above be transferred* to the 229th District Court of the County of Jimm (sic) Hogg, Texas, the County of Defendant's residence." Emphasis supplied.

The order, which refers only to plaintiff's cause of action against Ramirez, does not purport to affect venue in the main case against Belcher or the cross-claim by Ramirez against Belcher.

The trial court's order conforms to that portion of Rule 89 concerning transfer of a cause in which the plea of privilege of only one of several defendants has been sustained and the cause is severable as to the parties defendant. See *Robertson Distribution Systems, Inc. v. Butt*, 482 S.W.2d 28, 30 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). The trial court's order specifically ordered the clerk to transmit *certified copies* of the original papers, and not the original papers, filed in the cause. This was the correct procedure to follow when the entire cause is not transferred.

■ The right to file a plea of privilege in accordance with the rules as they now stand is a personal right as to each defendant, which may be exercised regardless of whether or not his co-defendant chooses to file a plea of privilege. By filing a plea of privilege, a defendant imposes upon the court the duty to determine the matter of venue as to him. *Southport Petroleum Company v. Carter*, 165 S.W.2d 85 (Tex.Sup. 1942). See *Robertson Distribution Systems, Inc. v. Butt*, 482 S.W.2d 28 (Tex.Civ.App.— Corpus Christi 1972, writ ref'd n. r. e.). A plea of privilege is prima facie proof of defendant's right to a change in venue. The issue of venue is joined only when the plaintiff files a controverting affidavit properly served on the defendant as provided by Rule 87, T.R.C.P. See *Texas Highway Dept. v. Jarrell*, 418 S.W.2d 486, 485–89 (Tex.Sup.1967). The plaintiff can, however, waive the right to controvert a plea of privilege or to object to any defects in the defendant's plea. If the plaintiff fails to timely file a controverting affidavit, the court is without jurisdiction to enter any order other than an order transferring the cause to the proper court. *Bogle v. Landa*, 127 Tex. 317, 94 S.W.2d 154, 155 (1936).

■ Where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, and if the cause of action against the several defendants is severable, or joint and several, the trial court should retain jurisdiction over the action insofar as it concerns the defendants who have not contested venue and transfer the suit insofar as it concerns the defendant whose plea is sustained. On the other hand, where a plea of privilege is filed, if the cause of action is a joint cause of action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. *Tunstill v. Scott*, 138 Tex. 425, 160 S.W.2d 65 (1942); *Hickman v. Swain*, 106 Tex. 431, 167 S.W. 209 (1914); *Comer v. Brown*, 285 S.W. 307 (Tex.Sup. 1926); *Robertson Distribution Systems, Inc. v. Butt*, 482 S.W.2d 28, 30 (Tex.Civ.App.— Corpus Christi 1972, writ ref'd n. r. e.). See 4 McDonald, Texas Civil Practice, § 4.57, pp. 619–21 (1962).

■ Here, in absence of a controverting affidavit or any other proper attack upon appellee Ramirez' plea of privilege, the only issue properly before the trial court was that of determining what portion of the entire cause should be transferred to Jim Hogg County. The allegations in plaintiff's petition establish that the plaintiff's claims against each defendant were severable. The trial court, therefore, properly severed plaintiff's main suit by ordering the transfer of plaintiff's cause of action against appellee Ramirez to the county of his residence. Since appellant Belcher did not seek to be sued in the county of his residence, the issue of venue as to plaintiff's cause of action against him was never properly raised. Absent an agreement by all of the parties to try the suit in a particular county, the trial court's jurisdiction to consider venue was limited to the question of proper venue of plaintiff's cause of action against appellee Ramirez.

The only other issue remaining concerns the propriety of maintaining venue in Nueces County as to appellee's cross-claim against appellant Belcher. The rule is, where plaintiff alleges severable causes of action against co-defendants, a transfer of the case as to the defendant asserting a plea of privilege will not carry with it a severable cross-claim filed by the transferred defendant against his co-defendant. See *Jackson v. United Producers' Pipe Line*

Co., 33 S.W.2d 540, 545 (Tex.Civ.App.—Fort Worth 1930, writ ref'd); 1 McDonald, Texas Civil Practice, §§ 4.39, 4.57 (1965); 52 Tex. Jur.2d, Set Off, Counter Claims, §§ 51, 52 (1964).

Although we think that considerations of judicial economy and convenience to the parties should warrant only one trial of all of the issues presented by plaintiff's main action and appellee's cross-claim, the trial courts as well as the appellate courts have no other choice than to permit multiple trials in venue cases such as these until the Legislature simplifies the complicated venue laws. The need to remove the large volume of venue cases from our trial and appellate dockets was recommended by the Chief Justice of the Supreme Court of Texas in his address to the Sixty Sixth Legislature on January 31, 1979.[1] The Judicial Section of the State Bar at its annual meeting in Arlington, Texas, on September 29, 1978, unanimously endorsed legislation changing and simplifying the venue laws in Texas. Until these changes are accomplished, we urge the attorneys in the 13th Supreme Judicial District to voluntarily curtail the filing of suits in non-resident counties such as this case or filing pleas of privilege and/or appealing the same in other cases except where the administration of justice can be served in no other way.

Accordingly, the trial court's order transferring plaintiff Akers' severable cause of action against appellee Ramirez to Jim Hogg County is hereby affirmed. Plaintiff Akers' cause of action against defendant

Belcher will remain in Nueces County as well as Ramirez' cross-action against Belcher.

---

1.          *"Venue*

The congestion in the dockets of the courts and jury time could be substantially reduced by a revision of the venue statutes.

In simple language, venue means a determination as to where a case will be tried. Generally a person may be sued only in the county of his residence. Your Article 1995 provides many exceptions; and the adjudication of these exceptions generate much litigation.

It is a gross extravagance of the time of jurors, litigants, of courtroom facilities, and the judiciary's docket for there to be two separate jury trials in these cases.

Where venue is contested, and it often is, the first trial is to determine *where* the case

is to be tried; i. e., whether the plaintiff can prove by a preponderance of the evidence that the defendant was at fault in a particular county. The result of that trial is appealable. After some two years, that matter of where the case is to be tried is finally settled. Then the parties go back and try the case to a second court and jury,—and the appeal starts over again.

The right of a person to be sued in his or her home county is an important one. But like other matters, the proof, or establishment, of that right, and related venue procedures, have gotten out of hand.

We need your help to remove this large volume of cases of venue from our dockets, and to speed to adjudication of cases."