United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

––––––––––––––––––––––––

No. 04-20013

––––––––––––––––––––––––

LORI PENTON, Individually and as next
friend of CHRISTIAN ALLEN GARCIA;
EVAN DANIEL PENTON; MORGAN
ALEXIS PENTON

Plaintiffs-Appellees,

-vs-

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-705)

Before WIENER and PRADO, Circuit Judges, and LITTLE[*], District Judge.

LITTLE, District Judge:[**]

## I. **FACTUAL AND PROCEDURAL HISTORY**

Undisputed facts prompted the parties to file cross motions for summary judgment. For the

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

reasons that follow, we affirm the summary judgment decision in favor of the plaintiffs.

Various plaintiffs ("Appellees"), including Lori Penton, brought suit for personal injuries against multiple defendants including a group of defendants referred to in the briefs as the Oakwood defendants ("Oakwood") and Appellant, American Bankers Insurance Company of Florida ("American Bankers"). Suit was brought in the Texas State District Court for Harris County, Texas. Oakwood's counsel was Mike Morris, while American Bankers was represented by Brad Irelan. Even though each of the co-defendants had separate attorneys, all settlement negotiations were conducted by Morris, who held himself out as having authority to negotiate for Oakwood and American Bankers. Appellees and Morris negotiated a settlement agreement in which Appellees agreed to release all claims against Oakwood and American Bankers in exchange for $150,000.00 and court costs up to $7,500.00.

The agreement between the parties was memorialized in a writing pursuant to TEX. R. CIV. P. 11, which requires that all agreements between parties or attorneys in a suit be contained in a written agreement. The settlement agreement was signed by Appellees' counsel and by Morris. Appellees' counsel, Morris, and Irelan went before the state court and announced that they had settled the case and executed an appropriate written agreement as required by TEX. R. CIV. P. 11.

Sometime after the agreement had been announced, Oakwood filed for bankruptcy. Appellees then communicated with American Bankers and demanded payment of the settlement amount. American Bankers refused to pay the entire settlement sum, contending that it was only responsible for payment of $27,500.00, inclusive of court costs. American Bankers tendered this amount to Appellees, but it was refused. Subsequently, American Bankers filed a state court pleading seeking recognition that its responsibility for payment of the settlement was limited to $27,500. It submitted

pleadings to the state court which provided in part:

> Plaintiffs have settled their claim against all Defendants, including the bankrupt Defendants. A rule 11 agreement between Plaintiffs and the Defendants has been filed in this case. Bankruptcy of the Oakwood entities does not vitiate the settlement . . . . American Bankers and the bankrupt entities are entitled to enforce the Rule 11 agreement.

Appellees brought suit in the United States District Court for the Southern District of Texas for breach of contract, arguing that American Bankers was jointly liable for the entire settlement amount. American Bankers argued that it had never agreed to joint liability, and that it had an agreement with Oakwood that it would only pay $27,500.00. Both parties moved for summary judgment; the district court granted summary judgment in favor of Appellees.

## II. DISCUSSION

District court orders granting summary judgment are reviewed by this court de novo. Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir. 1992). A court's grant of summary judgment should be affirmed if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Id. (citing FED. R. CIV. P. 56). In the case we now consider, American Bankers challenges two of the conclusions upon which the district based its summary judgment decision:

1.  The district court found that the settlement agreement was enforceable against American Bankers because it had ratified that agreement.

2.  The district court found that the settlement agreement was unambiguous and that, therefore, parol evidence was inadmissible to vary or explain that agreement.

**A.          Ratification of the Settlement Agreement**

American Bankers argues that because neither it nor its attorney signed the settlement agreement, it cannot be bound by that agreement. American Bankers spends a significant amount of time in its brief arguing that settlement agreements are required to be in writing by TEX. R. CIV. P. 11. Appellant overlooks, however, the gist of the district court's ruling, which was that whether or not Morris had authority to sign the agreement on behalf of American Bankers, if American Bankers later ratified the settlement agreement, then American Bankers did in effect sign the agreement, or is at least estopped from arguing that it did not sign.

Under Texas law, "ratification may occur when a principal, though he had no knowledge originally of the unauthorized act of his agent, retains the benefits of the transaction after acquiring full knowledge." Land Title Co. of Dallas, Inc. v. F.M. Stigler, Inc., 609 S.W.2d 754, 756 (Tex. 1980). American Bankers asserts that the district court's finding that it ratified the agreement was incorrect for two reasons.

First, American Bankers argues there was no basis for the district court's finding that it ratified the settlement agreement *with full knowledge* of its terms. American Bankers argues that there is no proof that it had knowledge of the terms of the settlement agreement at the time the parties to the litigation announced to the court that a settlement had been reached. The announcement of the agreement and the signing of that agreement occurred on the same day, and the record does not describe the sequence of these events. Therefore, American Bankers opines, the district court had no basis upon which to conclude that it had ratified that agreement.

There is, however, uncontroverted evidence that American Bankers did have full knowledge of the terms of the settlement agreement at the time that it wrote in its state court pleading that it had

4

"settled its claims with Defendants . . . and was entitled to enforce the Rule 11 agreement." American Bankers contends that it did not have full knowledge of the settlement agreement at this time because it did not fully understand the consequence of the agreement, i.e., it was not aware that the contract would be construed as making it jointly liable for the entire settlement amount. American Bankers, however, was aware of the terms of the agreement and failed to comprehend the implications of those terms. Its failure to understand the implications of those terms did not, however, prevent it from ratifying the agreement with the requisite knowledge: the knowledge that Morris had made a settlement agreement on its behalf. See Land Title, 609 S.W.2d at 757. Therefore, the court holds as a matter of law that American Bankers had sufficient knowledge of the settlement agreement at the time that it sought enforcement of that agreement in state court.

The second argument that American Bankers presents against the applicability of the doctrine of ratification is that it cannot be deemed to have ratified the settlement agreement because it has not been benefitted by it. American Bankers argues that it has not been released from liability because the state court proceeding has been stayed pending resolution of the Rule 11 agreement dispute. American Bankers ignores the fact that it is the one preventing the state court from entering judgment and thereby releasing it from liability. It is not, however, necessary to address the tortured logic on which American Bankers' argument rests. Even if the case has not yet been dismissed, American Bankers has received a legally binding promise from the Appellees; this is a sufficient benefit.

The court holds that American Bankers, with the requisite knowledge, ratified the settlement agreement in its pleadings to the state court. Therefore, American Bankers is bound by the terms of the settlement agreement and it is enforceable against them.

## B.     Settlement Agreement Ambiguity

American Bankers argues that the district court erred in finding that the settlement agreement was unambiguous and that, therefore, parol evidence was inadmissible. The settlement agreement ratified by American Bankers reads in pertinent part:

> In consideration of payment of $150,000.00 and plaintiffs' taxable court costs not to exceed $7,500.00, plaintiffs agree to release any and all claims and causes of action asserted or that could be asserted in the above captioned lawsuit against the Oakwood Defendants and the American Banker Defendants for alleged damages . . . .

American Bankers alleges that this language is ambiguous as concerns joint liability, and that it should be able to introduce parol evidence tending to support its preferred interpretation of the language.

The district court found that because the terms of the settlement agreement could be given a definite meaning, it was not ambiguous. If an agreement is silent on a particular topic or its language is subject to more than one reasonable interpretation, it is not ambiguous, unless the terms of the agreement cannot be given a definite meaning by the application of rules of construction. Med. Towers, Ltd. v. St. Luke's Episcopal Hosp., 750 S.W.2d 820, 822 (Tex. App. – Houston 1988); Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., 907 S.W.2d 517, 520 (Tex. 1995). In this case, although the settlement agreement is silent on the issue of joint liability, there is Texas case law dictating that joint promisors are deemed to be jointly liable for the entire agreed to obligation, unless the agreement contains contrary language.

> [W]here a binding agreement of a number of parties with one another is to the effect that each will bear his proportionate part of a burden resting on the shoulders of one or more of them, a joint and several obligation, as between themselves, necessarily arises. For the necessary effect of such an agreement is to bind the parties to one another for the performance of the several promises of all.

<u>Miller v. Bush</u>, 24 S.W.2d 23, 25 (Tex. 1930).[1] This language has been interpreted as creating a presumption in favor of joint liability that can be rebutted only by separate language in the document at issue. <u>See</u> <u>Guynn v. Corpus Christi Bank & Trust</u>, 620 S.W.2d 188, 190 (Tex. App. – Corpus Christi 1981).

There is no language in the settlement agreement that tends to rebut the presumption of joint liability. Therefore, under Texas law, the silence of the settlement agreement should be interpreted as creating joint liability. It is not ambiguous and it would have been improper for the court to have considered American Banker's proffered parol evidence.

### III. Conclusion

For the foregoing reasons, the court holds that the conclusions upon which the district court based its grant of summary judgment were warranted, and we AFFIRM the district court's judgment.

---

[1] "Where two or more make a joint promise, each is liable to the promisee for the whole debt or liability. This is true in a joint obligation as well as in a joint and several obligation. In either case, each obligor who is bound at all is legally liable in solido for the whole undertaking."
<u>Baum v. McAfee</u>, 125 S.W. 984, 987 (Tex.Civ.App. 1910)(internal quotations omitted).

7